MARLEN E. PEW, Appellant, *v.* INTERNATIONAL NEWS SERVICE, INC., Respondent.

*Contract — services — trial — action to recover for alleged wrongful discharge — erroneous ruling that meaning and effect of letter of discharge were for jury to determine — justification for discharge.*

*Pew* v. *International News Service, Inc.,* 215 App. Div. 790, affirmed.

(Argued January 20, 1927; decided February 23, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 11, 1926, affirming a judgment in favor of defendant entered upon a verdict. The action was to recover for the alleged wrongful discharge of plaintiff from employment as editor and manager under a contract which at the date of the discharge had about three years and four months to run. The amended answer admitted the contract but denied the discharge. It also set up as affirmative defenses *first,* abandonment of the employment by the plaintiff, *second,* justification by reason of disobedience of instructions, insubordination, and insulting and discourteous conduct of the plaintiff toward his superiors and the defendant company; failure " faithfully and efficiently to perform his duties; " refusal to confer with his superiors; and instructing subordinate employees to disregard instructions of the defendant. As a special defense it alleged the plaintiff's refusal, after leaving the defendant's service, to accept other employment.

*Lyman A. Spalding* and *John H. Jackson* for appellant.

*Louis B. Eppstein, Laurence H. Axman* and *Ira W. Hirshfield* for respondent.

Prepared by State Reporter from Appeal Papers

*Per Curiam.* We think the defendant discharged the plaintiff from its service by the letter of January 5, 1923, and that there was error in the ruling that the meaning and effect of the letter were to be determined by the jury.

We think, however, that the discharge was justified as a matter of law by insubordinate conduct on the part of the employee, and hence that the verdict of the jury could not properly have been other than it was.

The evidence that was excluded would not have altered the result.

The judgment should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgment affirmed.